**FITAPELLI & SCHAFFER, LLP**
Brian Schaffer (BS 7548)
1250 Broadway, Suite 3701
New York, New York 10001
Telephone: (212) 300-0375
Fax:        (212) 564-5468

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ROBERTO AGUIRRE, MARIA ALEXANDRA    :
GRANDA VALAREZO, LUIS FELIPE MARIN, CELSO     **COMPLAINT**
LENIN COSTAS and PERCY MISAEL DEXTRE    :
TORRE,        **JURY TRIAL DEMANDED**
              :
        Plaintiffs,    08 CV 7173 (PAC) ECF Case
              :
    - against -
              :
PANZI ENTERPRISES LLC d/b/a PARDOS and
successor PANCA and RICHARD WU,    :

        Defendants.
------------------------------------------------------------------------X

    Plaintiffs by and through their counsel, FITAPELLI & SCHAFFER, LLP, states the following as their Complaint against the Defendants:

## NATURE OF THE ACTION

    1.    Plaintiffs bring this action against Defendants Panzi Enterprises LLC d/b/a Pardos and successor Panca restaurants ("Panzi"), and Richard Wu (collectively, "Defendants") to recover damages for Defendants' egregious violations of state and federal minimum wage and overtime laws during Plaintiffs' employment.  During different periods beginning in 2007 through 2008, Plaintiffs each worked long hours as servers, runners, bussers and bartenders for Pardos restaurant and its successor, Panca restaurant, which are popular restaurants located in Greenwich Village.

2. This lawsuit seeks to recover minimum wages, overtime compensation, and misappropriated "service charges" and gratuities for Plaintiffs.

3. Plaintiffs, by their attorneys, seek to recover unpaid minimum wage, overtime wages, liquidated damages, attorneys' fees, costs and interest for Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA"); New York Labor Law, Article 6, §190 et seq. and Article 19 §650 et seq. and other related state law claims.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337 and jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1367.

5. This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

## THE PARTIES

*Plaintiffs*

**Roberto Aguirre**

8. Plaintiff Roberto Aguirre is an adult individual who is a resident of North Bergen, New Jersey.

9. Aguirre was employed by Defendants as a server, runner and busser from March 2007 until May 2008.

2

10. Aguirre has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b). His written consent form is attached hereto and incorporated by reference.

11. Aguirre is a covered employee within the meaning of the FLSA and the NYLL.

**Maria Alejandra Granda Valarezo**

12. Plaintiff Maria Alejandra Granda Valarezo is an adult individual who is a resident of East Elmhurst, New York.

13. Valarezo was employed by Defendants as a barback and bartender from June 2007 until December 2007.

14. Valarezo has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b). Her written consent form is attached hereto and incorporated by reference.

15. Valarezo is a covered employee within the meaning of the FLSA and the NYLL.

**Luis Felipe Marin**

16. Plaintiff Luis Felipe Marin is an adult individual who is a resident of Brooklyn, New York.

17. Marin has been employed by Defendants as a bartender and server from February 2007 to the present.

18. Marin has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b). His written consent form is attached hereto and incorporated by reference.

19. Marin is a covered employee within the meaning of the FLSA and the NYLL.

**Celso Lenin Costas**

20. Plaintiff Celso Lenin Costas is an adult individual who is a resident of Astoria, New York.

21. Costas was employed by Defendants as a server from April 2007 to September 2007 and in February 2008.

22. Costas has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b). His written consent form is attached hereto and incorporated by reference.

23. Costas is a covered employee within the meaning of the FLSA and the NYLL.

**Percy Misael Dextre Torre**

24. Plaintiff Percy Misael Dextre Torre is an adult individual who is a resident of Astoria, New York.

25. Torre was employed by Defendants as a runner and busser from January 2008 to July 2008.

26. Torre has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b). His written consent form is attached hereto and incorporated by reference.

27. Torre is a covered employee within the meaning of the FLSA and the NYLL.

*Defendants*

28.  Panzi Enterprises LLC d/b/a Pardos and successor Panca and Richard Wu (collectively, "Defendants") were part of a single integrated enterprise that jointly employed Plaintiffs at all relevant times.

**Panzi Enterprises LLC d/b/a Pardos and successor Panca**

29.  Panzi Enterprises LLC d/b/a Pardos and successor Panca is a limited liability corporation organized and existing under the laws of the State of New York. Upon information and belief, its principal executive offices are located at 333 Rector Place #10H, New York, New York.

30.  At all times relevant, Panzi owned, operated and has been doing business as Pardos restaurant and Panca restaurant, located at 92 Seventh Avenue, New York, New York.

31.  Panzi is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed Plaintiffs and/or jointly employed Plaintiffs.

32.  At all times relevant, Panzi maintained control, oversight and direction over the operation of Pardos and Panca, including its employment practices.

33.  At all times relevant, Panzi has been engaged in interstate commerce and their annual gross volume of sales or business done was not less than $500,000.

**Richard Wu**

34. Upon information and belief, at all times relevant, Defendant Richard Wu has been an owner and/or partner of Panzi, Pardos and successor Panca.

35. Upon information and belief, at all times relevant, Richard Wu has had the power to hire and fire employees including Plaintiffs, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment. Upon information and belief, at all times relevant, Richard Wu has also had the power to stop any illegal pay practices that harmed Plaintiffs.

36. Richard Wu is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed Plaintiffs and/or jointly employed Plaintiffs.

37. Richard Wu is an agent of Panzi, Pardos and Panca.

### FACTUAL ALLEGATIONS PERTAINING TO ALL PLAINTIFFS

38. Plaintiffs have been victims of Defendants' common policies, patterns or practices perpetuated by Defendants that have violated their rights under the FLSA and NYLL by denying them minimum wage, overtime compensation, tips that they earned and other wages.

39. As part of its regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs by engaging in a policy, pattern or practice of violating the FLSA and NYLL as described in this complaint. This policy, pattern or practice includes, but is not limited to the following:

   A. Failing to keep accurate and adequate records of wages paid to plaintiffs, deductions taken from their wages, allowances or other credits taken by Defendants, gratuities and hours worked by Plaintiffs as required by the FLSA and NYLL;

      B.      Failing to pay Plaintiffs at least the applicable minimum hourly wage rate and overtime rate under the FLSA and the NYLL for all hours worked;

      C.      Making unlawful deductions from the wages of Plaintiffs, including but not limited to deductions for walk-outs, breakage and failing to properly clean the restaurant;

      D.      Failing to pay Plaintiffs spread-of-hours compensation;

      E.      Withholding from Plaintiffs "service charges" and/or gratuities collected from customers;

      F.      Failing to inform Plaintiffs that they were not going to be paid the full legal minimum wage and that a "tip credit" or "tip allowance" was being taken against their wages;

      G.      Illegally imposing an involuntary tip pooling system that allocated tips pursuant to the discretion of the defendants rather than by the recipients of the tips.

40. Upon information and belief, Defendants' unlawful conduct described in this complaint has been pursuant to a corporate policy, pattern or practice of minimizing labor costs and denying employees' compensation by knowingly violating the FLSA and NYLL.

41. Defendants' unlawful conduct has been widespread, repeated, and consistent. Upon information and belief, Defendants' policies, patterns and practices described in this complaint have been centrally promulgated and uniform throughout Pardos and successor Panca.

42. Defendants' unlawful conduct, as set forth in this complaint, has been intentional willful, and in bad faith, and has caused significant damages to Plaintiffs.

43. Defendants' deceptive conduct prevented Plaintiffs from discovering or asserting their claims at an earlier date.

**FACTUAL ALLEGATIONS PERTAINING TO INDIVIDUAL PLAINTIFFS**

44. Consistent with defendants' policies, patterns or practices as described herein, Defendants harmed Plaintiffs individually as follows:

**Roberto Aguirre**

45. During most weeks that Aguirre was employed by Defendants, he worked more than forty hours.

46. Defendants did not pay Aguirre the proper minimum wage.

47. Defendants did not pay Aguirre overtime payments of time and one half for those hours in excess of forty that he worked in any given week.

48. Defendants did not pay Aguirre for hours worked cleaning the restaurant before and after he started working for the day.

49. Defendants withheld from Aguirre service charges and/or gratuities collected from customers.

50. Upon information and belief, Defendants did not keep accurate records of wages or tips earned, or of hours worked by Aguirre.

51. Defendants did not compensate Aguirre for the purchase, cleaning, care, and maintenance of the uniforms they required Aguirre to wear while working at Defendants.

52. Defendants did not pay Aguirre spread-of-hours pay for shifts he worked of ten hours or more.

53. Defendants did not pay Aguirre split-shift pay when he worked at Defendants with more than an hour between shifts.

**Maria Alejandra Granda Valarezo**

54. During most weeks that Valarezo was employed by Defendants, she worked more than forty hours.

55. Defendants did not pay Valarezo the proper minimum wage.

56. Defendants did not pay Valarezo overtime payments of time and one half for those hours in excess of forty that she worked in any given week.

57. Defendants did not pay Valarezo for hours worked cleaning the restaurant before and after she started working for the day.

58. Defendants withheld from Valarezo service charges and/or gratuities collected from customers.

59. Upon information and belief, Defendants did not keep accurate records of wages or tips earned, or of hours worked by Valarezo.

60. Defendants did not compensate Valarezo for the purchase, cleaning, care, and maintenance of the uniforms they required Valarezo to wear while working at Defendants.

61. Defendants did not pay Valarezo spread-of-hours pay for shifts she worked of ten hours or more.

62. Defendants did not pay Valarezo split-shift pay when she worked at Defendants with more than an hour between shifts.

**Luis Felipe Marin**

63. During most weeks that Marin was employed by Defendants, he worked more than forty hours.

64. Defendants did not pay Marin the proper minimum wage.

65. Defendants did not pay Marin overtime payments of time and one half for those hours in excess of forty that he worked in any given week.

66. Defendants did not pay Marin for hours worked cleaning the restaurant before and after he started working for the day.

67. Defendants withheld from Marin service charges and/or gratuities collected from customers.

68. Upon information and belief, Defendants did not keep accurate records of wages or tips earned, or of hours worked by Marin.

69. Defendants did not compensate Marin for the purchase, cleaning, care, and maintenance of the uniforms they required Marin to wear while working at Defendants.

70. Defendants did not pay Marin spread-of-hours pay for shifts he worked of ten hours or more.

71. Defendants did not pay Marin split-shift pay when he worked at Defendants with more than an hour between shifts.

**Celso Lenin Costas**

72. During some weeks that Costas was employed by Defendants, he worked more than forty hours.

73. Defendants did not pay Costas the proper minimum wage.

74. Defendants did not pay Costas overtime payments of time and one half for those hours in excess of forty that he worked in any given week.

75. Defendants did not pay Costas for hours worked cleaning the restaurant before and after he started working for the day.

76. Defendants withheld from Costas service charges and/or gratuities collected from customers.

77. Upon information and belief, Defendants did not keep accurate records of wages or tips earned, or of hours worked by Costas.

78. Defendants did not compensate Costas for the purchase, cleaning, care, and maintenance of the uniforms they required Costas to wear while working at Defendants.

79. Defendants did not pay Costas spread-of-hours pay for shifts he worked of ten hours or more.

80. Defendants did not pay Marin split-shift pay when he worked at Defendants with more than an hour between shifts.

**Percy Misael Dextre Torre**

81. During some weeks that Torre was employed by Defendants, he worked more than forty hours.

82. Defendants did not pay Torre the proper minimum wage.

83. Defendants did not pay Torre overtime payments of time and one half for those hours in excess of forty that he worked in any given week.

84. Defendants did not pay Torre for hours worked cleaning the restaurant before and after he started working for the day.

11

85. Defendants withheld from Torre service charges and/or gratuities collected from customers.

86. Upon information and belief, Defendants did not keep accurate records of wages or tips earned, or of hours worked by Torre.

87. Defendants did not compensate Torre for the purchase, cleaning, care, and maintenance of the uniforms they required Torre to wear while working at Defendants.

88. Defendants did not pay Torre spread-of-hours pay for shifts he worked of ten hours or more.

89. Defendants did not pay Torre split-shift pay when he worked at Defendants with more than an hour between shifts.

## FIRST CAUSE OF ACTION
### (Fair Labor Standards Act-Minimum Wages)

90. Plaintiffs reallege and incorporate by reference all preceding paragraphs numbered "1" through "89."

91. Defendants failed to pay Plaintiffs and the minimum wages to which they are entitled under the FLSA.

92. Defendants have engaged in a widespread policy, pattern, and practice of violating the FLSA, as detailed in this Complaint.

93. At all times relevant, Plaintiffs were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

94. At all times relevant, Plaintiffs were or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

95. At all times relevant, Defendants have been employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

96. Defendants were required to pay directly to Plaintiffs the applicable federal minimum wage rate of at least $5.15 per hour for all hours worked.

97. Defendants failed to pay Plaintiffs enough to satisfy the tipped minimum wage as set forth in the FLSA, 29 U.S.C. § 203(m), because the actual amount of tips received by Plaintiffs was less than the amount Defendants used as a tip credit, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting federal regulations, including but not limited to 29 C.F.R. §§ 531.50, 531.59.

98. As a result of Defendants' violations of the FLSA, Plaintiffs have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

99. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs.

100. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations is applicable, pursuant to 29 U.S.C. § 255.

**SECOND CAUSE OF ACTION**
**(New York Labor Law Article 19 – Minimum Wages)**

101.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs numbered "1" through "100."

102.     Defendants failed to pay Plaintiffs the minimum wages to which they are entitled under the NYLL.

103.     Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

104.     At all times relevant, Plaintiffs have been employees and Defendants have been employers within the meaning of the NYLL §§ 190, 651(5), 652 and the supporting New York State Department of Labor Regulations.

105.     The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to Defendants and protect the Plaintiffs.

106.     Defendants were required to pay Plaintiffs a minimum wage at a rate of $7.15 per hour for all hours worked from January 1, 2007 through the present, under the NYLL § 652 and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. §137-1.2.

107.     Defendants failed to pay Plaintiffs the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor regulations.

108.     By Defendants' knowing or intentional failure to pay Plaintiffs the minimum hourly wages, they have willfully violated the NYLL Article 19, §§ 650 *et seq*. and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. §137-1.2.

109. Defendants failed to furnish Plaintiffs a statement with every payment of wages listing hours worked, rates paid, gross wages, and the tip allowance claimed as part of their minimum hourly wage rate, in violation of the NYLL and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. § 137-2.2.

110. By Defendants' knowing or intentional failure to pay Plaintiffs the minimum hourly wages, they have willfully violated the NYLL Article 19, §§ 650 *et seq*. and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 137.

111. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest. Plaintiffs do not seek liquidated damages under the NYLL.

## **THIRD CAUSE OF ACTION**
**(Fair Labor Standards Act – Overtime Wages)**

112. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs numbered "1" through "111."

113. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 210 *et seq*., and the supporting federal regulations, apply to Defendants and protect Plaintiffs.

114. Defendants have failed to pay Plaintiffs and the FLSA overtime wages for hours that they worked in excess of 40 hours in a workweek.

115. As a result of Defendants' unlawful acts, Plaintiffs have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA.

**FOURTH CAUSE OF ACTION**
**(New York Labor Law Article 19 – Unpaid Overtime)**

116. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs numbered "1" through "115."

117. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiffs.

118. Defendants have failed to pay Plaintiffs the overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor regulations.

119. By Defendants' knowing or intentional failure to pay Plaintiffs overtime wages for hours worked in excess of 40 hours per week, it has willfully violated the NYLL Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor regulations.

120. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest. Plaintiffs do not seek liquidated damages under the NYLL.

**FIFTH CAUSE OF ACTION**
**(New York Labor Law - Spread-of-Hours and Split-Shift Pay)**

121. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs numbered "1" through "120."

122. Defendants have willfully failed to pay Plaintiffs additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than 10 hours and for each day that they worked a split-shift.

123. By Defendants' failure to pay spread-of hours and split shift pay, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

124. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest. Plaintiffs do not seek liquidated damages under the NYLL.

### SIXTH CAUSE OF ACTION
**(New York Labor Law – Unlawful Deductions and Tip Retention)**

125. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs numbered "1" through "124."

126. At all times relevant, Plaintiffs have been employees within the meaning of the NYLL §§ 190, *et seq.*, and the supporting New York State Department of Labor regulations.

127. At all times relevant, Defendants have been employers within the meaning of the NYLL §§ 190, *et seq.*, and the supporting New York State Department of Labor regulations.

128. At all times relevant, Richard Wu has been an agent and/or officer within the meaning of the NYLL § 196-d and the supporting New York State Department of Labor regulations.

129. The wage payment provisions of Article 6 of the NYLL and the supporting New York State Department of Labor Regulations applies to all Defendants and protects Plaintiffs.

130. Defendants made unlawful deductions from the wages of servers, runners, bussers, bartenders and other hourly food service employees and failed to pay them the full amount of their wages as a result of deductions for credit card fees, walk-outs, failure to clean, breakage, spillage, and uniform-related expenses in violation of NYLL Article 6, § 193.

131. Defendants have required servers, runners, bussers, bartenders and other hourly food service employees to pay for customer walk-outs, breakages or spoilages, in violation of the prohibition against unauthorized deductions under the NYLL Article 6, § 193 and the supporting

New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. § 137-2.5.

132.   Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest. Plaintiffs do not seek liquidated damages under the NYLL.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiffs respectfully request that this Court grant the following relief:

i. Declare Defendants' conduct to be a violation of Plaintiffs' rights under the FLSA and New York State Labor Law;

ii. Award Plaintiffs minimum wage and unpaid overtime compensation due under FLSA and an additional amount as liquidated damages because of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. §216(b);

iii. Award Plaintiffs unpaid minimum wage and overtime pursuant to New York Labor Law §663(1);

iv. Award Plaintiffs spread of hours compensation pursuant to New York Labor Law §663(1);

v. Award Plaintiffs prejudgment and post-judgment interest;

vi. Award Plaintiffs the cost of this action together with reasonable attorney fees pursuant to §29 U.S.C. 216(b) and New York Labor Law §663(1)

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: August 11, 2008
       New York, New York

                                        Respectfully submitted,

                                        FITAPELLI & SCHAFFER, LLP

                                        By:   s/Brian Schaffer
                                                  _____
                                                  Brian Schaffer (BS 7548)
                                                  1250 Broadway Suite 3701
                                                  New York, New York 10001
                                                  Tel:(212) 300-0375
                                                  Fax: (212)564-5468
                                                  e-mail: bschaffer@fslawfirm.com
                                                  Attorneys for Plaintiffs